AF Approval *MAF for NA*                    Chief Approval *MAF*

# UNITED STATES DISTRICT COURT
## MIDDLE DISTRICT OF FLORIDA
### ORLANDO DIVISION

UNITED STATES OF AMERICA

    v.                                            CASE NO. 6:23-cr-20-WWB-LHP

ETHAN LIPPER

## PLEA AGREEMENT

Pursuant to Fed. R. Crim. P. 11(c), the United States of America, by Roger B. Handberg, United States Attorney for the Middle District of Florida, and the defendant, ETHAN LIPPER, and the attorney for the defendant, Patrick M. Megaro, Esq., mutually agree as follows:

**A.**    **Particularized Terms**

    1.    <u>Count Pleading To</u>

        The defendant shall enter a plea of guilty to Count One of the Indictment. Count One charges the defendant with Attempted Enticement of a Minor to Engage in Sexual Activity, in violation of 18 U.S.C. § 2422(b).

    2.    <u>Minimum and Maximum Penalties</u>

        Count One is punishable by a mandatory minimum term of imprisonment of ten years up to life, a maximum fine of $250,000, a term of supervised release of at least 5 years up to life, and a special assessment of $100 per felony count. With respect to certain offenses, the Court shall order the defendant to make restitution to any victim of the offenses, and with respect to other offenses, the Court may order

Defendant's Initials *EL*

the defendant to make restitution to any victim of the offenses, or to the community, as set forth below.

Additionally, pursuant to 18 U.S.C. § 3014, the Court shall impose a $5,000 special assessment on any non-indigent defendant convicted of an offense in violation of certain enumerated statutes involving: (1) peonage, slavery, and trafficking in persons; (2) sexual abuse; (3) sexual exploitation and other abuse of children; (4) transportation for illegal sexual activity; or (5) human smuggling in violation of the Immigration and Nationality Act (exempting any individual involved in the smuggling of an alien who is the alien's spouse, parent, son or daughter).

3.    Elements of the Offense

The defendant acknowledges understanding the nature and elements of the offense with which defendant has been charged and to which defendant is pleading guilty.  The elements of Count One are:

| | |
|---|---|
| First: | the defendant knowingly intended to persuade, induce, entice, or coerce an individual who had not attained the age of 18 years to engage in sexual activity as charged; |
| Second: | the defendant used the internet, via a cellular telephone to do so; |
| Third: | at the time, the defendant believed that the individual was less than 18 years old; |
| Fourth: | if the sexual activity had occurred, one or more of the individuals engaging in sexual activity could have been charged with a criminal offense under the law of Florida; and |

Defendant's Initials _EL_                    2

<table>
<tr><td><u>Fifth</u>:</td><td>the defendant took a substantial step towards committing the offense.</td></tr>
</table>

4.   <u>Count Dismissed</u>

At the time of sentencing, the remaining count against the defendant, Count Two, will be dismissed pursuant to Fed. R. Crim. P. 11(c)(1)(A).

5.   <u>No Further Charges</u>

If the Court accepts this plea agreement, the United States Attorney's Office for the Middle District of Florida agrees not to charge defendant with committing any other federal criminal offenses known to the United States Attorney's Office at the time of the execution of this agreement, related to the conduct giving rise to this plea agreement.

6.   <u>Acceptance of Responsibility - Three Levels</u>

At the time of sentencing, and in the event that no adverse information is received suggesting such a recommendation to be unwarranted, the United States will not oppose the defendant's request to the Court that the defendant receive a two-level downward adjustment for acceptance of responsibility, pursuant to USSG § 3E1.1(a). The defendant understands that this recommendation or request is not binding on the Court, and if not accepted by the Court, the defendant will not be allowed to withdraw from the plea.

Further, at the time of sentencing, if the defendant's offense level prior to operation of subsection (a) is level 16 or greater, and if the defendant complies with the provisions of USSG § 3E1.1(b) and all terms of this Plea Agreement, including but

Defendant's Initials _EL_                    3

not limited to, the timely submission of the financial affidavit referenced in Paragraph B.5., the United States agrees to file a motion pursuant to USSG § 3E1.1(b) for a downward adjustment of one additional level. The defendant understands that the determination as to whether the defendant has qualified for a downward adjustment of a third level for acceptance of responsibility rests solely with the United States Attorney for the Middle District of Florida, and the defendant agrees that the defendant cannot and will not challenge that determination, whether by appeal, collateral attack, or otherwise.

7.  Cooperation - Substantial Assistance to be Considered

Defendant agrees to cooperate fully with the United States in the investigation and prosecution of other persons, and to testify, subject to a prosecution for perjury or making a false statement, fully and truthfully before any federal court proceeding or federal grand jury in connection with the charges in this case and other matters, such cooperation to further include a full and complete disclosure of all relevant information, including production of any and all books, papers, documents, and other objects in defendant's possession or control, and to be reasonably available for interviews which the United States may require. If the cooperation is completed prior to sentencing, the government agrees to consider whether such cooperation qualifies as "substantial assistance" in accordance with the policy of the United States Attorney for the Middle District of Florida, warranting the filing of a motion at the time of sentencing recommending (1) a downward departure from the applicable guideline range pursuant to USSG §5K1.1, or (2) the imposition of a sentence below

Defendant's Initials _EL_                    4

a statutory minimum, if any, pursuant to 18 U.S.C. § 3553(e), or (3) both.  If the cooperation is completed subsequent to sentencing, the government agrees to consider whether such cooperation qualifies as "substantial assistance" in accordance with the policy of the United States Attorney for the Middle District of Florida, warranting the filing of a motion for a reduction of sentence within one year of the imposition of sentence pursuant to Fed. R. Crim. P. 35(b).  In any case, the defendant understands that the determination as to whether "substantial assistance" has been provided or what type of motion related thereto will be filed, if any, rests solely with the United States Attorney for the Middle District of Florida, and the defendant agrees that defendant cannot and will not challenge that determination, whether by appeal, collateral attack, or otherwise.

8.  <u>Cooperation - Responsibilities of Parties</u>

a.  The government will make known to the Court and other relevant authorities the nature and extent of defendant's cooperation and any other mitigating circumstances indicative of the defendant's rehabilitative intent by assuming the fundamental civic duty of reporting crime.  However, the defendant understands that the government can make no representation that the Court will impose a lesser sentence solely on account of, or in consideration of, such cooperation.

b.  It is understood that should the defendant knowingly provide incomplete or untruthful testimony, statements, or information pursuant to this agreement, or should the defendant falsely implicate or incriminate any person, or

Defendant's Initials _EL_                    5

should the defendant fail to voluntarily and unreservedly disclose and provide full, complete, truthful, and honest knowledge, information, and cooperation regarding any of the matters noted herein, the following conditions shall apply:

(1)   The defendant may be prosecuted for any perjury or false declarations, if any, committed while testifying pursuant to this agreement, or for obstruction of justice.

(2)   The United States may prosecute the defendant for the charges which are to be dismissed pursuant to this agreement, if any, and may either seek reinstatement of or refile such charges and prosecute the defendant thereon in the event such charges have been dismissed pursuant to this agreement.  With regard to such charges, if any, which have been dismissed, the defendant, being fully aware of the nature of all such charges now pending in the instant case, and being further aware of defendant's rights, as to all felony charges pending in such cases (those offenses punishable by imprisonment for a term of over one year), to not be held to answer to said felony charges unless on a presentment or indictment of a grand jury, and further being aware that all such felony charges in the instant case have heretofore properly been returned by the indictment of a grand jury, does hereby agree to reinstatement of such charges by recision of any order dismissing them or, alternatively, does hereby waive, in open court, prosecution by indictment and consents that the United States may proceed by information instead of by indictment with regard to any felony charges which may be dismissed in the instant case,

Defendant's Initials *EL*                    6

pursuant to this plea agreement, and the defendant further agrees to waive the statute of limitations and any speedy trial claims on such charges.

(3)     The United States may prosecute the defendant for any offenses set forth herein, if any, the prosecution of which in accordance with this agreement, the United States agrees to forego, and the defendant agrees to waive the statute of limitations and any speedy trial claims as to any such offenses.

(4)     The government may use against the defendant the defendant's own admissions and statements and the information and books, papers, documents, and objects that the defendant has furnished in the course of the defendant's cooperation with the government.

(5)     The defendant will not be permitted to withdraw the guilty pleas to those counts to which defendant hereby agrees to plead in the instant case but, in that event, defendant will be entitled to the sentencing limitations, if any, set forth in this plea agreement, with regard to those counts to which the defendant has pled; or in the alternative, at the option of the United States, the United States may move the Court to declare this entire plea agreement null and void.

9.     Forfeiture of Assets

The defendant agrees to forfeit to the United States immediately and voluntarily any and all assets and property, or portions thereof, subject to forfeiture, pursuant to 18 U.S.C. § 2428, whether in the possession or control of the United States, the defendant or defendant's nominees.

Defendant's Initials ___*EL*___          7

The assets to be forfeited specifically include, but are not limited to, the following: a Blue Apple iPhone 14, which asset was seized on February 1, 2023, and used to commit the offense of conviction.

The defendant agrees and consents to the forfeiture of these assets pursuant to any federal criminal, civil judicial or administrative forfeiture action. The defendant also agrees to waive all constitutional, statutory and procedural challenges (including direct appeal, habeas corpus, or any other means) to any forfeiture carried out in accordance with this Plea Agreement on any grounds, including that the forfeiture described herein constitutes an excessive fine, was not properly noticed in the charging instrument, addressed by the Court at the time of the guilty plea, announced at sentencing, or incorporated into the judgment.

The defendant admits and agrees that the conduct described in the Factual Basis below provides a sufficient factual and statutory basis for the forfeiture of the property sought by the government. Pursuant to Rule 32.2(b)(4), the defendant agrees that the preliminary order of forfeiture will satisfy the notice requirement and will be final as to the defendant at the time it is entered. In the event the forfeiture is omitted from the judgment, the defendant agrees that the forfeiture order may be incorporated into the written judgment at any time pursuant to Rule 36.

The defendant agrees to take all steps necessary to identify and locate all property subject to forfeiture and to transfer custody of such property to the United States before the defendant's sentencing. The defendant agrees to be interviewed by the government, prior to and after sentencing, regarding such assets and their

Defendant's Initials _EL_                    8

connection to criminal conduct. The defendant further agrees to be polygraphed on the issue of assets, if it is deemed necessary by the United States. The defendant agrees that Federal Rule of Criminal Procedure 11 and USSG § 1B1.8 will not protect from forfeiture assets disclosed by the defendant as part of the defendant's cooperation.

The defendant agrees to take all steps necessary to assist the government in obtaining clear title to the forfeitable assets before the defendant's sentencing. In addition to providing full and complete information about forfeitable assets, these steps include, but are not limited to, the surrender of title, the signing of a consent decree of forfeiture, and signing of any other documents necessary to effectuate such transfers. To that end, the defendant agrees to make a full and complete disclosure of all assets over which defendant exercises control directly or indirectly, including all assets held by nominees, to execute any documents requested by the United States to obtain from any other parties by lawful means any records of assets owned by the defendant, and to consent to the release of the defendant's tax returns for the previous five years. The defendant agrees to be interviewed by the government, prior to and after sentencing, regarding such assets and their connection to criminal conduct.

The defendant agrees that the United States is not limited to forfeiture of the property specifically identified for forfeiture in this Plea Agreement. If the United States determines that property of the defendant identified for forfeiture cannot be located upon the exercise of due diligence; has been transferred or sold to, or deposited with, a third party; has been placed beyond the jurisdiction of the Court; has been substantially diminished in value; or has been commingled with other property which

Defendant's Initials _____  9

cannot be divided without difficulty; then the United States shall, at its option, be entitled to forfeiture of any other property (substitute assets) of the defendant up to the value of any property described above. The Defendant expressly consents to the forfeiture of any substitute assets sought by the Government. The defendant agrees that forfeiture of substitute assets as authorized herein shall not be deemed an alteration of the defendant's sentence.

Forfeiture of the defendant's assets shall not be treated as satisfaction of any fine, restitution, cost of imprisonment, or any other penalty the Court may impose upon the defendant in addition to forfeiture.

The defendant agrees that, in the event the Court determines that the defendant has breached this section of the Plea Agreement, the defendant may be found ineligible for a reduction in the Guidelines calculation for acceptance of responsibility and substantial assistance, and may be eligible for an obstruction of justice enhancement.

The defendant agrees that the forfeiture provisions of this plea agreement are intended to, and will, survive the defendant, notwithstanding the abatement of any underlying criminal conviction after the execution of this agreement. The forfeitability of any particular property pursuant to this agreement shall be determined as if the defendant had survived, and that determination shall be binding upon defendant's heirs, successors and assigns until the agreed forfeiture, including satisfaction of any preliminary order of forfeiture for proceeds.

Defendant's Initials _EL_                10

10.     Sex Offender Registration and Notification

       The defendant has been advised and understands, that under the Sex Offender Registration and Notification Act, a federal law, the defendant must register and keep the registration current in each of the following jurisdictions: the location of the defendant's residence, the location of the defendant's employment; and, if the defendant is a student, the location of the defendant's school.  Registration will require that the defendant provide information that includes name, residence address, and the names and addresses of any places at which the defendant is or will be an employee or a student.  The defendant understands that he must update his registrations not later than three business days after any change of name, residence, employment, or student status.  The defendant understands that failure to comply with these obligations subjects the defendant to prosecution for failure to register under federal law, 18 U.S.C. § 2250, which is punishable by a fine or imprisonment, or both.

**B.      Standard Terms and Conditions**

1.      Restitution, Special Assessment and Fine

       The defendant understands and agrees that the Court, in addition to or in lieu of any other penalty, <u>shall</u> order the defendant to make restitution to any victim of the offenses, pursuant to 18 U.S.C. § 3663A, for all offenses described in 18 U.S.C. § 3663A(c)(1); and the Court may order the defendant to make restitution to any victim of the offenses, pursuant to 18 U.S.C. § 3663, including restitution as to all counts charged, whether or not the defendant enters a plea of guilty to such counts, and whether or not such counts are dismissed pursuant to this agreement.  The defendant

Defendant's Initials  _*EL*_                 11

further understands that compliance with any restitution payment plan imposed by the Court in no way precludes the United States from simultaneously pursuing other statutory remedies for collecting restitution (28 U.S.C. § 3003(b)(2)), including, but not limited to, garnishment and execution, pursuant to the Mandatory Victims Restitution Act, in order to ensure that the defendant's restitution obligation is satisfied.

On each count to which a plea of guilty is entered, the Court shall impose a special assessment pursuant to 18 U.S.C. § 3013. The special assessment is due on the date of sentencing. The defendant understands that this agreement imposes no limitation as to fine.

2.     Supervised Release

The defendant understands that the offenses to which the defendant is pleading provide for imposition of a term of supervised release upon release from imprisonment, and that, if the defendant should violate the conditions of release, the defendant would be subject to a further term of imprisonment.

3.     Immigration Consequences of Pleading Guilty

The defendant has been advised and understands that, upon conviction, a defendant who is not a United States citizen may be removed from the United States, denied citizenship, and denied admission to the United States in the future.

4.     Sentencing Information

The United States reserves its right and obligation to report to the Court and the United States Probation Office all information concerning the background,

Defendant's Initials _EL_            12

character, and conduct of the defendant, to provide relevant factual information, including the totality of the defendant's criminal activities, if any, not limited to the count to which defendant pleads, to respond to comments made by the defendant or defendant's counsel, and to correct any misstatements or inaccuracies. The United States further reserves its right to make any recommendations it deems appropriate regarding the disposition of this case, subject to any limitations set forth herein, if any.

5. <u>Financial Disclosures</u>

Pursuant to 18 U.S.C. § 3664(d)(3) and Fed. R. Crim. P. 32(d)(2)(A)(ii), the defendant agrees to complete and submit to the United States Attorney's Office within 30 days of execution of this agreement an affidavit reflecting the defendant's financial condition. The defendant promises that his financial statement and disclosures will be complete, accurate and truthful and will include all assets in which he has any interest or over which the defendant exercises control, directly or indirectly, including those held by a spouse, dependent, nominee or other third party. The defendant further agrees to execute any documents requested by the United States needed to obtain from any third parties any records of assets owned by the defendant, directly or through a nominee, and, by the execution of this Plea Agreement, consents to the release of the defendant's tax returns for the previous five years. The defendant similarly agrees and authorizes the United States Attorney's Office to provide to, and obtain from, the United States Probation Office, the financial affidavit, any of the defendant's federal, state, and local tax returns, bank records and any other financial information concerning the defendant, for the purpose of making any

Defendant's Initials _EL_                    13

recommendations to the Court and for collecting any assessments, fines, restitution, or forfeiture ordered by the Court. The defendant expressly authorizes the United States Attorney's Office to obtain current credit reports in order to evaluate the defendant's ability to satisfy any financial obligation imposed by the Court.

6.   Sentencing Recommendations

It is understood by the parties that the Court is neither a party to nor bound by this agreement. The Court may accept or reject the agreement, or defer a decision until it has had an opportunity to consider the presentence report prepared by the United States Probation Office. The defendant understands and acknowledges that, although the parties are permitted to make recommendations and present arguments to the Court, the sentence will be determined solely by the Court, with the assistance of the United States Probation Office. Defendant further understands and acknowledges that any discussions between defendant or defendant's attorney and the attorney or other agents for the government regarding any recommendations by the government are not binding on the Court and that, should any recommendations be rejected, defendant will not be permitted to withdraw defendant's plea pursuant to this plea agreement. The government expressly reserves the right to support and defend any decision that the Court may make with regard to the defendant's sentence, whether or not such decision is consistent with the government's recommendations contained herein.

Defendant's Initials _EL_      14

7.    Defendant's Waiver of Right to Appeal the Sentence

The defendant agrees that this Court has jurisdiction and authority to impose any sentence up to the statutory maximum and expressly waives the right to appeal defendant's sentence on any ground, including the ground that the Court erred in determining the applicable guidelines range pursuant to the United States Sentencing Guidelines, except (a) the ground that the sentence exceeds the defendant's applicable guidelines range as determined by the Court pursuant to the United States Sentencing Guidelines; (b) the ground that the sentence exceeds the statutory maximum penalty; or (c) the ground that the sentence violates the Eighth Amendment to the Constitution; provided, however, that if the government exercises its right to appeal the sentence imposed, as authorized by 18 U.S.C. § 3742(b), then the defendant is released from his waiver and may appeal the sentence as authorized by 18 U.S.C. § 3742(a).

8.    Middle District of Florida Agreement

It is further understood that this agreement is limited to the Office of the United States Attorney for the Middle District of Florida and cannot bind other federal, state, or local prosecuting authorities, although this office will bring defendant's cooperation, if any, to the attention of other prosecuting officers or others, if requested.

Defendant's Initials _*EL*_            15

9.    Filing of Agreement

This agreement shall be presented to the Court, in open court or in camera, in whole or in part, upon a showing of good cause, and filed in this cause, at the time of defendant's entry of a plea of guilty pursuant hereto.

10.   Voluntariness

The defendant acknowledges that defendant is entering into this agreement and is pleading guilty freely and voluntarily without reliance upon any discussions between the attorney for the government and the defendant and defendant's attorney and without promise of benefit of any kind (other than the concessions contained herein), and without threats, force, intimidation, or coercion of any kind.  The defendant further acknowledges defendant's understanding of the nature of the offense or offenses to which defendant is pleading guilty and the elements thereof, including the penalties provided by law, and defendant's complete satisfaction with the representation and advice received from defendant's undersigned counsel (if any).  The defendant also understands that defendant has the right to plead not guilty or to persist in that plea if it has already been made, and that defendant has the right to be tried by a jury with the assistance of counsel, the right to confront and cross-examine the witnesses against defendant, the right against compulsory self-incrimination, and the right to compulsory process for the attendance of witnesses to testify in defendant's defense; but, by pleading guilty, defendant waives or gives up those rights and there will be no trial.  The defendant further understands that if defendant pleads guilty, the Court may ask defendant questions about the offense or

Defendant's Initials _EL_                    16

offenses to which defendant pleaded, and if defendant answers those questions under oath, on the record, and in the presence of counsel (if any), defendant's answers may later be used against defendant in a prosecution for perjury or false statement. The defendant also understands that defendant will be adjudicated guilty of the offenses to which defendant has pleaded and, if any of such offenses are felonies, may thereby be deprived of certain rights, such as the right to vote, to hold public office, to serve on a jury, or to have possession of firearms.

11.    Factual Basis

Defendant is pleading guilty because defendant is in fact guilty. The defendant certifies that defendant does hereby admit that the facts set forth in the attached "Factual Basis," which is incorporated herein by reference, are true, and were this case to go to trial, the United States would be able to prove those specific facts and others beyond a reasonable doubt.

12.    Entire Agreement

This plea agreement constitutes the entire agreement between the government and the defendant with respect to the aforementioned guilty plea and no other promises, agreements, or representations exist or have been made to the defendant or defendant's attorney with regard to such guilty plea.

Defendant's Initials _*EL*_          17

13.   Certification

The defendant and defendant's counsel certify that this plea agreement has been read in its entirety by (or has been read to) the defendant and that defendant fully understands its terms.

DATED this _5_ day of June, 2023.

Ethan Lipper
Defendant

Patrick M. Megaro, Esq.
Attorney for Defendant

ROGER B. HANDBERG
United States Attorney

Shannon Laurie
Assistant United States Attorney

Chauncey A. Bratt
Assistant United States Attorney
Deputy Chief, Orlando

Defendant's Initials _EL_                18

UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
ORLANDO DIVISION

UNITED STATES OF AMERICA

v.                                          CASE NO. 6:23-cr-20-WWB-LHP

ETHAN LIPPER

<u>PERSONALIZATION OF ELEMENTS</u>

<u>First</u>:        Did you knowingly intend to persuade, induce,
               entice, or coerce an individual who you believed
               was a minor to engage in sexual activity as
               charged?

<u>Second</u>:    Did you use the internet via a cellular
               telephone to do so?

<u>Third</u>:       At the time, did you believe that the individual was
               less than 18 years old?

<u>Fourth</u>:     If the sexual activity had occurred, could you
               have been charged with a criminal offense under
               Florida state law?

<u>Fifth</u>:       Did you take a substantial step towards
               committing the offense?

Defendant's Initials *EL*                 19

UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
ORLANDO DIVISION

UNITED STATES OF AMERICA

v.                                        CASE NO. 6:23-cr-20-WWB-LHP

ETHAN LIPPER


<u>FACTUAL BASIS</u>


From or about January 16, 2023, through on or about February 1, 2023, in the Middle District of Florida, and elsewhere, the defendant, Ethan Lipper ("Lipper"), using a facility and means of interstate commerce, did knowingly attempt to persuade, induce, entice, and coerce an individual who the defendant believed had not attained the age of 18 years, to engage in sexual activity for which any person could be charged with a criminal offense under Florida law.

On January 16, 2023, a Detective with the Oviedo Police Department was posing in an undercover capacity ("UC") as a 14-year-old male, "Sam," on Kik. Kik is a mobile messaging application that can be used on both Android and iPhone. The UC began communicating with a male "mitchymills424", later identified as Lipper, on a Kik group called "Orlando Teens". The UC, posing as a 14-year-old, messaged Lipper in a private message "Hi". Lipper identified himself as "Ethan" and a 20-year-old living near Universal Boulevard. Between January 16, 2023, and February 1, 2023, Lipper communicated with the UC using Kik. During that time, Lipper sent the UC

Defendant's Initials _EL_                                20

pictures of himself and later provided his cell phone number xxx-xxx-2782 to the UC, which investigative resources revealed belong to Lipper.

Between January 16, 2023, and January 19, 2023, Lipper asked the UC, "Ur okay with me being 20?" The UC replied, "Ofc. are u ok with me being 15?" Lipper replied, "Ofc...We kinda gotta be secretive tho...Little bro...Or cousin...Whatever floats your boat". Lipper asked the UC, "Have you ever done stuff with a guy?...Like touched other guy...Have you ever kissed anyone?" Between January 19, 2023, and January 25, 2023, the UC told Lipper, "Well since u seem real and not a perv, i should be honest and tell u i am 14. I turn 15 in march...Most people wont talk to me unless im 18 so i lied a lil. Im sorry. If u dont want to talk to me ne more i get it." Lipper replied, "I don't mind...Thanks for trusting me...I feel like I'm still a perv lol...But if it's consensual it's not as bad I guess". Later on, Lipper messaged the UC, "I'm lowkey nervous to meet you". The UC replied, "Im so nervous...maybe we shohld (sp) do this...shouldnt". Lipper replied, "Ya...Idk...I want to so bad...Just risky. I don't want ur mom finding out or anything". Lipper asked the UC, "What are you nervous about?" The UC replied, "Meeting up...u being older". Lipper replied, "Right...You being younger...It's like illegal if we got caught...And that scares me". The UC replied, "We can go to jail". Lipper replied, "No you can't lol I can...You would be the victim of a sexual predator...And I could blame you and say you lied about you (sp) age but 14 isn't close to 18 and idk if you look that old lol". The UC replied, "U think i look 18?" Lipper replied, "No lol that's why it wouldn't work".

Lipper and the notional 14-year-old child continued the conversation. Lipper

Defendant's Initials _EL_                    21

asked the UC, "And btw if we do get sexual at all. We can go as fast or slow as you want and if it becomes too much we stop...we take it slow and I can show you..." Lipper asked the UC, "Do you jerk off?" and stated "...Maybe we can start by just jerking off together...We can suck each other". Lipper told the UC, "Maybe I can play with your ass a little too if you want...I love a good butt". The UC replied, "Play with it how". Lipper replied, "Hold it...Finger you maybe...If it smells good I'll lick it too...You can sit on my face". The UC asked Lipper if it hurts. Lipper replied, "Sex might hurt and fingering...But not eating it...It feels so good...But with enjoy (sp) lube and patience it will be easy...And a (sp) painless as possible because once you get past that initial pain it feels good". The UC replied, "I dont have lube". Lipper replied, "I can bring some".

On or about January 25, 2023, Lipper sent the UC six videos, at least two of which contained child pornography. One of the videos that contained child pornography sent to the UC by Lipper included an approximately one minute and two second video depicting an adult male and an approximately 9–11-year-old child. The child performs fellatio on the adult male and the adult male rubs his erect penis on the child's penis. The adult also massages the child's buttocks and spreads open the child's buttock cheeks, exposing his anus.

On or about January 27, 2023, Lipper sent the UC an approximately 36 second video containing two males. One male is performing oral sex on the other male's anus. Lipper details the video by stating "I wanna do this to you". Lipper also replied to the UC, "I'm excited for Wednesday". Lipper and the UC had previously discussed about

Defendant's Initials _EL_                    22

meeting up on a Wednesday, which is the UC's "early release day" from school.

On Wednesday, February 1, 2023, Lipper asked the UC for the address of where they were going to meet up. The UC provided the address to the predetermined location and they agreed to meet at 2:00 p.m.

On February 1, 2023, Lipper arrived at the predetermined location at approximately 2:40 p.m. Lipper arrived and parked. After parking, Lipper was taken into custody by the Oviedo Police Department.

A blue Apple iPhone 14 was then collected from Lipper's vehicle. Lipper provided the password and identified the phone as belonging to him. A confirmation phone call was made to Lipper's cell phone which confirmed that the phone number provided by Lipper to the UC in the Kik communication was the same phone that was collected.

During a forensic review of the iPhone 14, over 100 images of child pornography were located. The majority of these images depict children approximately 5-10 years old. Three images that were located depicted child under the age of 5 including an infant. Also located on the phone were conversations between Lipper and victims between the ages of 14-17 years old. During these conversations on KIK, Lipper asked for sexually explicit images of the minors which were provided to him.

Defendant's Initials _EL_                    23